IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**KELLEY SUE FAIL,**

    Plaintiff,

vs.　　　　　　　　　　　　　　　　Case No. 4:05cv58-RH/WCS

**GARNET & GOLD, INC.,**
a Florida Corporation,

    Defendants.

    _____/


**O R D E R**

Plaintiff has filed a motion to compel an answer to an interrogatory, which seeks the "current or last known address, social security number, and date of birth" for about 300 employees.  Doc. 20.  The motion is supported by excerpts from depositions.  Doc. 21.  Defendant has responded.  Doc. 22.

Plaintiff alleges that she was subjected to a sexually hostile work environment. Doc. 1, ¶¶ 45-56.  She also claims that Defendant unlawfully retaliated against her for her complaints about the sexually hostile work environment.  *Id.*, ¶¶ 57-70.

Plaintiff has twice asked for the last known addresses of these employees.  The most recent interrogatory asks also for social security numbers and dates of birth.  She

seeks this information because this may enable her to contact these current or former employees to determine whether they witnessed the sexually hostile work environment or acts of retaliation against Plaintiff, or whether they suffered similar hostility. Plaintiff asserts that the telephone numbers provided have been inadequate for this purpose because many are no longer valid.

Defendant asserts that the interrogatory is overly broad and unduly burdensome. Defendant contends that the information sought is not related to Plaintiff's allegations because the persons as to whom the information is sought "have no knowledge regarding the facts of this case." Doc. 22, p. 2. Defendant states that the information is not kept in a computer database, but is in "individual personnel files stored at its various places of business." *Id.*, p. 3, n. 1. Defendant asserts that the response to the last interrogatory took nearly three weeks to generate. *Id.*, p. 3. Defendant also represents that many of these employees were students and were seasonal employees, and that there is significant employee turnover. *Id.*, p. 4.

Plaintiff has adequately articulated a need for this discovery and has adequately explained how this discovery may lead to admissible evidence. Plaintiff's ability to interview other employees who worked with the person who is alleged to have sexually harassed Plaintiff is impeded by the fact that the employees were often students and only worked for short periods of time. Plaintiff has alleged significant acts of sexual harassment extending over a long period of time. If Plaintiff's allegations are true, there is a likelihood that the harassing employee did so in the presence of other employees and subjected other female employees to the same hostility.

The information sought is located in paper files at each of Defendant's stores. Defendant has not explained how many stores are involved or where they are located, so the court concludes that the number of stores and locations has nothing to do with the alleged burden.  Any further argument as to this aspect of burden is waived.[1]

It is little burden upon Defendant to pull these files at each store and stack them up for inspection.  Since the burden of extracting the information sought from these files is the same for Defendant or Plaintiff, Defendant has the option of producing the files so that Plaintiff may inspect and copy the relevant portions.  FED.R.CIV.P. 33(d). Alternatively, Defendant may copy the part of the files containing the information sought and provide the copies to Plaintiff.  Plaintiff must pay Defendant's reasonable expenses if Defendant chooses to produce the files for inspection and copying.

Finally, social security numbers and other such personal information should be kept confidential by Plaintiff unless necessary for use at trial.  On the court's own motion, a protective order will be entered.

---

[1] "[I]ntoning the 'overly broad and burdensome' litany, without more, does not express a valid objection." Mead Corporation v. Riverwood Natural Resources Corporation, 145 F.R.D. 512, 515 (D. Minn. 1992).  Conclusory recitation of "expense and burdensomeness" without specificity provides no basis for the court to order limitations upon the discovery sought pursuant to Rule 26(b)(2).  Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1550 (11th Cir. 1985); McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990).  To the extent that a party fails to make the objections specific to the request and the actual documents sought, such objections are waived.  Local Rule 26.2(E)(1); Fed.R.Civ.P. 26(b)(5); Panola Land Buyers Ass'n v. Shuman, 762 F.2d at 1550; Jaffe v. Grant, 793 F.2d 1182, 1190 n. 6 (11th Cir. 1986); Peat, Marwick Mitchell & Co. v. West, 748 F.2d 540, 542 (10th Cir. 1984); Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 10-12 (1st Cir. 1991).

Accordingly, it is **ORDERED** that:

1. Plaintiff's motion to compel, doc. 20, is **GRANTED**.

2. On or before **July 15, 2005**, Defendant shall either answer the interrogatory, or comply with FED.R.CIV.P. 33(d).  If the latter option is elected, Defendant may either produce the files and provide a place for Plaintiff to inspect and copy, or may copy the documents in the file which answer this interrogatory and provide the copies to Plaintiff. Plaintiff shall pay the reasonable expenses incurred by Defendant of production of documents pursuant to the option afforded by FED.R.CIV.P. 33(d).

3. Absent further court order, Plaintiff and her attorney (which includes those who work with Plaintiff's attorney on this case) shall keep confidential the information obtained concerning Defendant's current or former employees, as to the addresses, telephone numbers, social security numbers, dates of birth, and any other such information as to which those employees have a reasonable expectation of privacy, and shall return copies of the personnel files to Defendant at the conclusion of this litigation.

**DONE AND ORDERED** on July 7, 2005.

s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**